IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TEVIN AKAN BEY,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:23-00314-JB-N |
| | ) | |
| **RODERICK MILES,** *Public Servant/* | ) | |
| *Officer*, *et al.*, | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

The Plaintiff, **TEVIN AKAN BEY**, initiated this civil action without counsel (*pro se*) on August 18, 2023, by filing a handwritten document entitled "Affidavit of Truth", which the Court liberally construes as a complaint, with the Court. *See* (Doc. 1); Fed. R. Civ. P. 3 & 7(a)(1). The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/21/2023 electronic reference notation).

In submitting the complaint, the Plaintiff did not pay the requisite $402 in filing and administrative fees for instituting a civil action, *see* 28 U.S.C. § 1914(a),[1] nor did he file an affidavit and motion for leave to proceed without prepayment of fees, or *in forma pauperis* (IFP), under 28 U.S.C. § 1915. Accordingly, by order entered

---

[1] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). At the time this suit was initiated, the Judicial Conference prescribed an additional $52 administrative fee for filing a civil action, suit, or proceeding in a district court.

August 22, 2023, the Court directed the Plaintiff to, no later than September 11, 2023, "*either* (1) pay to the Clerk of Court the $402 in fees for instituting this civil action, *or* (2) complete and file an IFP motion, using this Court's form, that provides clear answers to all requests for information (even if the answer is "0," "none," etc.)." (Doc. 2). After the Plaintiff did not comply or file anything further with the Court, on October 24, 2023, the Court granted him "one final opportunity, until no later than" November 17, 2023, to comply. (Doc. 3). Both orders advised the Plaintiff that failure to comply would result in entry of a recommendation to the Court that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by § 1914 and/or for failure to comply with a court order. To date, the Plaintiff has still not complied or filed anything else with the Court. A copy of each order was mailed to the Plaintiff at the address he provided the Clerk of Court when initiating this action, and neither was returned as undeliverable.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute and/or failure to comply with court orders under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A court can also dismiss a case for failure to pay the filing and administrative fees required by § 1914(a) after failing to show entitlement to IFP status. *Cf. Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[I]f an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the

denial."). Here, the Plaintiff has twice failed comply with court orders to either pay the statutorily-mandated filing fee for this action or move to waive prepayment of that fee under § 1915, and both times he was warned that failure to comply would result in dismissal for failure to pay the filing fee and/or obey a court order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion… [O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders.").

Upon due consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** (1) for failure to pay the statutory filing and administrative fees for this action or show entitlement to IFP status; and, additionally and alternatively, (2) for failure to obey a court order under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. Int'l Family Ent., Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995) (per curiam); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **April 2024**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**